KAI PETERS (SBN: 198516)
kpeters@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:   (415) 986-8054

SARA M. TURNER (*Pro Hac Vice* Application pending)
smturner@bakerdonelson.com
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
Telephone: (205) 328-0480
Facsimile: (205) 322-8007

Attorneys for Defendant
CHOICE HOTELS INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| J.C., an individual,<br><br>                Plaintiff,<br><br>     v.<br><br>CHOICE HOTELS INTERNATIONAL, INC., HILTON WROLDWIDE HOLDINGS, INC., AND MARRIOTT INTERNATIONAL, INC.,<br><br>                Defendants. | CASE NO.:  3:20-cv-00155-WHO<br><br>**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS UNDER RULE 12(b)(6), MOTION TO STRIKE UNDER RULE 12(f)**<br><br>Date:  May 27, 2020<br>Time:  2:00p.m.<br>Judge:  Hon. William H. Orrick<br>Courtroom:  2 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on May 27, 2020, at 2:00 p.m., or as soon thereafter as counsel may be heard, counsel will appear for a hearing in Courtroom 2 of this Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, before the Honorable William H. Orrick.

Defendant Choice Hotels International, Inc. ("Choice") moves for an order dismissing Plaintiff's Complaint as to Choice with prejudice for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6), and, in the alternative, motion to strike Paragraphs 26 through 104 as impertinent, salacious and meant to flame emotions under 12(f).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration of Sara Turner, any reply memorandum Choice may file, any arguments of counsel, and any other matter the Court deems appropriate.

Dated: April 2, 2020

Respectfully submitted,
By: /s/ Kai Peters
KAI PETERS (SBN: 198516)
kpeters@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

SARA M. TURNER
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
420 20th Street North, Suite 1400
Birmingham, Alabama 35203-5202
(205) 328-0480 telephone
(205) 322-8007 facsimile
smturner@bakerdonelson.com
*Pro Hac Vice* Application Pending

*Attorneys for Defendant,*
*Choice Hotels International, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ..................................................................................................... iii

TABLE OF AUTHORITIES ................................................................................................ v

RELIEF REQUESTED ........................................................................................................ 7

STATEMENT OF ISSUES TO BE DECIDED ................................................................... 7

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 7

I.      INTRODUCTION ................................................................................................... 7

II.     STANDARD OF REVIEW ..................................................................................... 9

        A.      Standard for a Motion to Dismiss ................................................................ 9

        B.      Standard for a Motion to Strike ................................................................. 10

III.    ARGUMENT ......................................................................................................... 10

        A.      The Amended Complaint is an impermissible (and incomprehensible)
                shotgun pleading that should be struck or dismissed............................... 10

                1.      The Amended Complaint should be dismissed outright as a
                        "Shotgun Pleading." ...................................................................... 10

                2.      Alternatively, general paragraphs that have no bearing on the facts
                        or issues of this case should be struck. ........................................ 12

        B.      Plaintiff does not and cannot state a plausible claim against Choice for an
                alleged violation of the TVPRA, 18 U.S.C. § 1595................................. 13

                1.      Plaintiff fails to allege that Choice "participated" in any "venture."........ 13

                2.      Plaintiff does not allege sufficient facts to establish that Choice
                        "knowingly benefitted." ................................................................ 17

                3.      Plaintiff cannot plausibly allege that Choice knew or should have
                        known J.C. was a minor or subject to "force, fraud, or coercion."........... 19

                4.      Plaintiff has not properly alleged that Choice was in an agency
                        relationship with the franchisee, and even if she could, Plaintiff's
                        agency allegations do not create liability under the TVPRA.................... 20

                5.      Choice cannot be imputed with liability based on the actions or
                        knowledge of employees of the franchisee................................. 23

        C.      Plaintiff does not and cannot state a plausible claim against Choice for an
                alleged violation of the California Civil Code Section 52.5.................... 24

IV.     CONCLUSION...................................................................................................... 26

CERTIFICATE OF SERVICE ................................................................................................................ 27

Choice's Motion to Dismiss
Case No. 3:20-cv-00155-WHO

1

## TABLE OF AUTHORITIES

**Page(s)**

2

**Cases**

3

4

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .................................................................................. 9, 16, 21, 25

5

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,*
    718 F.Supp.2d 1167 (N.D. Cal. June 22, 2010) ........................................................ 10

6

7

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .................................................................................. 9, 16, 21, 25

8

*Henderson v. United Student Air Funds, Inc.,*
    918 F.3d 1068 (9th Cir. 2019) .................................................................... 21

9

10

*Hughey v. Camacho,*
    No. 2:13–cv–2665–TLN–AC, 2014 WL 5473184 (E.D. Cal. Oct. 23, 2014) ......................... 12

11

*J.M. v. Pleasant Ridge Union Sch. Dist.,*
    No. CV21600897WBSCKD, 2017 WL 117965 (E.D. Cal. Jan. 10, 2017) ............................ 11

12

13

*Jacobson v. Persolve, LLC,*
    No. 14-CV-00735, 2014 WL 4090809, (N.D. Cal. Aug. 19, 2014) ......................... 10

14

*Kelly v. Electronic Arts, Inc.,*
    No. 13-cv-05837, 2015 WL 1967233 (N.D. Cal. April 30, 2015) ............................ 9

15

16

*Lawson v. Rubin,*
    No.17-cv-6404, 2018 WL 2012869 (E.D.N.Y. Apr. 29, 2018) ................................ 16

17

*Lofthus v. Long Beach Veterans Hospital,*
    214 F.Supp.3d 908 (C.D. Cal. 2016) ........................................................... 25

18

19

*Lushe v. Verengo Inc.,*
    No. CV 13-07632, 2015 WL 500158 (C.D. Cal. Feb. 2, 2015) ................................ 22

20

*M.A. v. Wyndham Hotels & Resorts, Inc.,*
    No. 2:19-CV-849, 2019 WL 4929297 (S.D. Ohio Oct. 7, 2019) ............................ 14

21

22

*Nissen v. Lindquist,*
    No. C16-5093, 2018 WL 26843 (W.D. Wash. 2017) ...................................... 12

23

*Noble v. Weinstein,*
    335 F. Supp. 3d 504 (S.D.N.Y. 2018) ................................................ 13, 15, 18

24

25

*Patterson v. Dominos Pizza, LLC,*
    333 P.3d 723 (Cal. 2014) ........................................................................ 21

26

*Ratha v. Phatthana Seafood Co., Ltd.,*
    No. 16-4271, 2017 WL 8293174 (C.D. Cal. Dec. 21, 2017) ................................ 20

27

28

*Salazar v. McDonald's Corp.,*
    939 F.3d 1051 (9th Cir. 2019) .................................................................... 8

*Sollberger v. Wachovia Securities, LLC*,
No. SACV 09-0766, 2010 WL 2674456 (C.D. Cal. June 30, 2020) ........................................ 11

*Stewart v. Chick-Fil-A*,
No. 19-cv-1780, 2020 WL 264578 (S.D. Cal. Jan. 17, 2020) ................................................ 24

*U.S. v. Afyare*,
632 F. App'x 272 (6th Cir. 2016) ............................................................. 13, 14, 15, 17, 18, 22

*Walker v. Pacific Pride Services, Inc.*,
No. 07-17373, 2009 WL 2461126 (9th Cir. 2009) ........................................................... 21, 22

*Ward v. Wright*,
No. 15-cv-05627, 2016 WL 4762207 (N.D. Cal. Sept. 13, 2016) ............................................ 9

*Weiland v. Palm City Beach Cnty. Sheriff's Office*,
792 F.3d 1313 (11th Cir. 2015) ............................................................................................ 11, 12

**Statutes**

15 U.S.C.
Section 1591 ........................................................................................................................... 13

15 U.S.C.
Section 1051 ............................................................................................................................. 8

18 U.S.C.
Section 1591 ......................................................................................................... 13, 15, 16, 19

18 U.S.C.
Section 1595 ..................................................................................................................... 13, 19

Civil Code
Section 52.5 ................................................................................................................. 7, 24, 25

Penal Code
Section 236.1 .......................................................................................................................... 25

**Rules**

Federal Rules of Civil Procedure
Rule 12 ....................................................................................................................... 8, 9, 10, 12

**Regulations**

*NLRB Issues Joint Employer Final Rule*, NATIONAL LABOR RELATIONS BOARD,
https://www.nlrb.gov/news-outreach/news-story/nlrb-issues-joint-employer-final-rule (last
visited March 31, 2020) ............................................................................................................ 9

*The National Labor Relations Board Fact Sheet: Joint Employer Final Rule*, NATIONAL LABOR
RELATIONS BOARD, https://www.nlrb.gov/sites/default/files/attachments/basic-page/node-
7581/fact-sheet-joint-employer-final-rule.pdf  (last visited March 4, 2020) ........................... 24

Choice's Motion to Dismiss
Case No. 3:20-cv-00155-WHO

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**RELIEF REQUESTED**

Defendant Choice Hotels International, Inc. ("Choice"), requests that this Court dismiss Plaintiff's Amended Complaint against Choice on the grounds that Plaintiff has failed to state a claim for relief.

**STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether this Amended Complaint fails to state a claim for relief against Choice under the Trafficking Victims Protection Reauthorization Act ("TVPRA") and California Civil Code § 52.5 because Plaintiff has not properly pled facts under which Choice, as franchisor could be liable for actions allegedly taken by its franchisees and / or other unnamed criminal actors, that Choice participated in a venture, knew or should have known about Plaintiff's alleged trafficking, or knowingly benefitted from Plaintiff's alleged trafficking.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff brings claims against Choice Hotels International, Inc. ("Choice"), under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") and California Civil Code Section 52.5.  Plaintiff's Amended Complaint is similar to several that have been filed nationwide; however, in at least four of the similar pending cases, franchisors named in these cases (such as Choice) have been dismissed.  Plaintiff has not named the actual owner / operator of the location at issue (the franchisee).  Plaintiff has not identified or named any of her alleged traffickers. Further, while she has indicated that at least one of her traffickers is imprisoned, it is not clear whether they have been prosecuted for their alleged crimes at issue in this case.  Plaintiff has also failed to make any factual assertions about what has been done to effectuate an investigation of the alleged traffickers, if anything.  None of the allegations in the Amended Complaint set forth any cognizable legal theory under which Choice, as a franchisor, could be held liable for the alleged actions of franchisees, the employees of the franchisees, or the alleged traffickers.

The Amended Complaint contains redundant, immaterial, impertinent, and scandalous matter about the sex trafficking industry in general.  It is rife with unsupported conclusions

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

regarding Choice and the hotel industry generally but contains few specific factual allegations against Choice and contains even fewer plausible allegations.[1]  In addition to claiming that Choice "participated in" and "knowingly benefitted" from illegal sex trafficking, the Amended Complaint also contains conclusory allegations that the franchisee, Comfort Inn®[2], was in an agency relationship with Choice.  Such a theory does not create or support a claim for liability under the TVPRA as to Choice.  It is a well-stated principle that franchisors are generally not liable for the acts of their franchisees.  *Salazar v. McDonald's Corp.*, 939 F.3d 1051, 1056 (9th Cir. 2019).  Plaintiff has not plausibly alleged facts that could result in a finding of liability.  Similarly, adoption and enforcement of brand standards under the provisions of the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, do not, by themselves, create liability for a franchisor under the TVPRA.

Plaintiff has not plausibly alleged — nor can she — that the franchisees' employees were employed by Choice.  Such allegations would be contrary to both the facts at issue here and the applicable law.  Choice was not the employer of the franchisees' employees.  The franchisees for the locations at issue are independent contractors and solely responsible for business control of the hotels, including hiring, supervising, and training of hotel employees.  Furthermore, the National Labor Relations Board ("NLRB") recently implemented Rules that employees of a franchisee are not considered employees of a franchisor under the type of facts alleged by Plaintiff.

> To be a joint employer under the final rule, a business must possess and exercise substantial and direct immediate control over one or more essential terms and conditions of employment of another employer's employees. The final rule defines key terms, including what are considered 'essential terms and conditions of employment,' and what does, and what does not constitute 'direct and immediate control' as to each of these essential employment terms. The final rule also defines

---

[1] Plaintiff makes salacious allegations related to Quality Inns® locations in various states but does not allege that she ever was present at a Quality Inn®. (*See, e.g.,* ECF No. 34, ¶¶ 106.i., 112)

[2] Plaintiff makes allegations generally about a Comfort Inn® location and Choice's alleged involvement related to that location. (See ECF No. 34, ¶¶ 12, 38, 42, 93, 94, 99-100).  However, Plaintiff then goes on to make allegations about a Quality Inn® and various Quality Inn® locations.  It is not clear what involvement the Quality Inn® location might play because Plaintiff does not specifically allege that she was trafficked at a Quality Inn®, but does refer generically to "the sex trafficking of J.C. at the Quality Inn Santa Cruz…" (See ECF No.134, ¶ 106(i)).  Plaintiff's allegations are, therefore, at best internally inconsistent, and it is impossible for Choice to properly respond.  At minimum, Plaintiff needs to make a more definite statement under Rule 12(e) about which location she is alleging her alleged trafficking occurred.

-8-

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

what constitutes 'substantial' direct and immediate control and makes clear that control exercised on a sporadic, isolated, or de minimis basis is not 'substantial.'[3]

Importantly, the final rule also makes clear that the routine elements of an arm's-length contract cannot turn a contractor into a joint employer.

## II.     STANDARD OF REVIEW

### A.     Standard for a Motion to Dismiss

Choice brings its Motion to Dismiss under Federal Rule of Civil Procedure 12 (b)(6), which requires that a complaint meet sufficient pleading standards.  *See* FED. R. CIV. P. 12 (b)(6).   The purpose of a Rule 12 (b)(6) motion is to "test the legal sufficiency of the claims stated in the complaint."  *Ward v. Wright*, No. 15-cv-05627, 2016 WL 4762207, at *1 (N.D. Cal. Sept. 13, 2016).  To survive a motion to dismiss, a plaintiff must allege sufficient "facts to state a claim to relief that is plausible on its face."  *Kelly v. Electronic Arts, Inc*., No. 13-cv-05837, 2015 WL 1967233, at *6 (N.D. Cal. April 30, 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard is only met when plaintiff alleges facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."  *Kelly*, 2015 WL 1967233, at *6 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   Accordingly, a plaintiff must allege sufficient facts to "raise a right to belief above the speculative level."  *Id*.

Courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. 662 at 678.  "A complaint may be lacking for one of two reasons: (i) absence of a cognizable legal theory or (ii) insufficient facts under a cognizable legal claim."  *See, e.g., Ward,* 2016 WL 4762207, at *1.  Plaintiff has failed to state a viable legal theory against Choice, and even if she could state such a theory, she has failed to allege sufficient facts to support her claims.

---

[3] *NLRB Issues Joint Employer Final Rule*, NATIONAL LABOR RELATIONS BOARD, https://www.nlrb.gov/news-outreach/news-story/nlrb-issues-joint-employer-final-rule (last visited March 31, 2020).

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### B.   Standard for a Motion to Strike

Choice brings its Motion to Strike under Federal Rule 12(f), which allows "the court may order stricken from any pleading ... any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f).  The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Jacobson v. Persolve, LLC,* No. 14-CV-00735, 2014 WL 4090809, at *2 (N.D. Cal. Aug. 19, 2014).  A motion should be granted if the particular matter has no bearing on the subject of the litigation.  *Id.*  Matter is immaterial if it has no essential or important relationship to the claim for relief, and matter is impertinent if it is not relevant and is not necessary to the issues in question. *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. June 22, 2010).

## III.   ARGUMENT

### A.   The Amended Complaint is an impermissible (and incomprehensible) shotgun pleading that should be struck or dismissed.

Even after substantial revision, the Amended Complaint still contains 192 paragraphs and brings two cause of action against separate franchisor Defendants.  However, it remains difficult to determine which alleged actions relate to Choice (as opposed to another entity, the alleged trafficker, or the unnamed franchisee / its employees) and which are purported to support each of Plaintiff's claims.  Further, the Amended Complaint contains extensive irrelevant descriptions of facts and events that have no bearing on this Plaintiff or this case whatsoever.  This type of pleading creates an illusion that Choice is responsible for every aspect of Plaintiff's allegations or trafficking across the country generally.  Notice pleading does not eliminate the requirement for Plaintiff to inform Choice which allegations pertain to it as opposed to another defendant, franchisee, employees of a franchisee, or criminal actor(s).

#### 1.   The Amended Complaint should be dismissed outright as a "Shotgun Pleading."

Separate and apart from the sufficiency of any allegations against Choice, the Amended Complaint should be dismissed outright as a "Shotgun Pleading." "Shotgun pleadings are

-10-
**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Sollberger v. Wachovia Securities, LLC*, No. SACV 09-0766, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2020).  Shotgun pleadings are "unacceptable." *Id.*

The Eleventh Circuit has previously described the problem with shotgun pleadings under the federal rules:

> The purpose of these rules is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the [spirit], if not the [letter], of these rules.

*Weiland v. Palm City Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015*); see also J.M. v. Pleasant Ridge Union Sch. Dist.,* No. CV21600897WBSCKD, 2017 WL 117965, at *2 (E.D. Cal. Jan. 10, 2017) ("This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong. This defect alone warrants dismissal." (Alterations omitted.)).

Additionally, the Eleventh Circuit in *Wieland* described four categories of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts ***where each count adopts the allegations of all preceding counts***, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being ***replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action***. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of ***asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions,*** or which of the defendants the claim is brought against.

-11-

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

*Id.* at 1321–23 (emphasis added); *see also Nissen v. Lindquist*, No. C16-5093, 2018 WL 26843, at *1-2 (W.D. Wash. 2017) (quoting *Weiland*'s four categories and dismissing federal claims as shotgun pleadings); *Hughey v. Camacho*, No. 2:13–cv–2665–TLN–AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014) ("Shotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim."). Plaintiff's Amended Complaint meets the criteria for at least three out of four of these categories. The Amended Complaint is replete with conclusory, vague, and immaterial facts including facts about sex trafficking generally and why it is bad. (*See, e.g.,* ECF No. 34, ¶¶ 26-89) Unrelated to Plaintiff and her causes of action, it includes salacious and unsupported allegations about the hospitality's participation in the sex trafficking industry. These allegations add nothing to Plaintiff's issues and claims and only serve to prejudice Choice.

Furthermore, Plaintiff incorporates every prior allegation into her claims, but she still fails to allege when she visited a Choice-branded hotel, how frequently she visited, and for what period of time. Plaintiff further alleges that there was "trafficking" at Quality Inn® locations in various states but does not allege that she ever was present at a Quality Inn® or provide any specifics as to when or where that may have been. (*See, e.g.,* ECF No. 34, ¶¶ 106(i)). When it comes to her claims, Plaintiff merely reiterates what she believes are the elements under the TVPRA. It is, therefore, impossible for Choice to respond to Plaintiff's Amended Complaint because she fails to allege specific facts or circumstances that give rise to liability for Choice directly.

### 2. Alternatively, general paragraphs that have no bearing on the facts or issues of this case should be struck.

The salacious and impertinent details of the Amended Complaint should be struck pursuant to Rule 12(f). Plaintiff's Amended Complaint contains allegations that are not related to the facts in controversy and will only serve to confuse the issues. Salacious allegations about the hospitality industry and its alleged involvement in the sex trafficking industry are dramatic and have no bearing on this case. The sole purpose they serve is to prejudice Choice and confuse the facts at

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

issue.  Accordingly, the Court should strike Paragraphs 26 through 104 as impertinent, salacious and meant merely to flame emotions.

**B.**   **Plaintiff does not and cannot state a plausible claim against Choice for an alleged violation of the TVPRA, 18 U.S.C. § 1595.**

Plaintiff's TVPRA claims require her to allege that Choice participated in a venture which was engaged in sex trafficking and that Choice had three separate types of knowledge with respect to that venture: (1) knowledge as to a benefit received from trafficking; (2) knowledge as to "assisting, supporting or facilitating" trafficking; and (3) knowledge that Plaintiff was either a "minor or subject to force."  18 U.S.C. §§ 1595(a); 1591(a)(2); 1591(e)(4).  Association alone cannot establish liability; instead knowledge and "some participation in the sex trafficking act itself must be shown."  *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018); *see also U.S. v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016).

**1.**   **Plaintiff fails to allege that Choice "participated" in any "venture."**

Plaintiff has failed to properly allege that Choice participated in any venture which was engaged in sex trafficking.  Plaintiff alleges that Choice breached a duty by "participating in, and facilitating, the harboring and providing of J.C. for the purposes of commercial sex induced by force, fraud, or coercion . . . ."  (ECF No. 34, ¶ 162).  Aside from being mere "threadbare recitals of the elements," these allegations are entirely insufficient to state a claim under a plain reading of the statutory text because Choice does not own or operate the hotel where Plaintiff claims trafficking occurred.

A "venture" for purposes of the TVPRA is "any group of two or more individuals associated in fact, whether or not a legal entity." 18 U.S.C. § 1591(e)(6). Furthermore, "participation in a venture" requires "knowingly assisting, supporting, or facilitating [sex trafficking]." *Id*. at (e)(4). The statute, therefore, does not contemplate that a corporation, such as Choice, is even capable of "participating in a venture." In a similar case, which was filed in the Southern District of Texas, the court there recently held a hearing on a pending Motion to Dismiss. Judge Nancy Atlas noted that the statute is not clear that corporations can even be part of such a

venture. (*See* March 16, 2020 Hearing Transcript attached as **Exhibit B** to the Declaration of Sara

M. Turner ((hereinafter "Exhibit B"), at p. 47).

The Sixth Circuit Court of Appeal's hypothetical in *Afyare* is instructive in this regard:

> [C]onsider a hypothetical defendant who joins a soccer team with some sex
> traffickers, who sponsor the team financially (i.e., pay for travel accommodations,
> uniforms and equipment, training, etc.) using the money they generate from sex
> trafficking activities. And assume that the sex traffickers do not conceal the source
> of this money from the rest of the team, such that our defendant knows (or
> recklessly disregards clear knowledge) that his teammate-sex-trafficker-sponsors
> are engaged in sex trafficking ….
> Ignoring the reprehensible amorality of our hypothetical defendant, who knowingly
> participates on a soccer team funded by sex trafficking money, the question is
> whether Congress criminalized his conduct in § 1591(a)(2). The district court
> thought not and, under its three-element construction, would require that a
> defendant actually participate and commit some "overt act" that furthers the sex
> trafficking aspect of the venture. The district court warned that the statute did not
> criminalize a defendant's "mere negative acquiescence," and to do so would create
> "a vehicle to ensnare conduct that the statute never contemplated." *See also United*
> *States v. Cain*, 583 F.3d 408, 414 (6th Cir. 2009) ("The general rule is that criminal
> statutes are to be strictly construed against the Government.").

> We agree with the district court and find that § 1591(a)(2) targets those who
> participate in sex trafficking; it does not target soccer players who turn a blind eye
> to the source of their financial sponsorship. As a result, in this example, we would
> require the prosecution to prove that the defendant actually participated in a *sex-*
> *trafficking venture.*

632 F. App'x 272.  Here, Plaintiff has not alleged any "overt act" by Choice that furthered the

alleged sex trafficking.  Without any alleged overt act, Choice cannot have "participated" in any

venture with Plaintiff's traffickers.

Further, "[i]n the absence of a direct association, Plaintiff must allege at least a showing of

a continuous business relationship between the trafficker and the hotels such that it would appear

that the trafficker and the hotels have established a pattern of conduct or could be said to have a

tacit agreement."  *See M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-CV-849, 2019 WL

4929297, at *8 (S.D. Ohio Oct. 7, 2019).  Plaintiff does not plausibly allege such association or

participation by Choice.   Any such association would be limited to association between Plaintiff,

her trafficker(s), and an entirely different legal entity than Choice: the franchisee who was the

owner / operator of the location at issue.

-14-

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Relying on the Sixth Circuit's analysis in *Afayre*, Judge Robert Sweet in the Southern District of New York dismissed a claim brought pursuant to the TVPRA against Harvey Weinstein's brother, Robert Weinstein. *See Noble*, 335 F. Supp. 3d at 525. The plaintiff alleged that Harvey Weinstein sexually assaulted her at a hotel in 2014. *Id.* at 511. With regard to Harvey's brother Robert, the plaintiff alleged that he "knew about, and benefited from, Harvey's international business dealings in his position as co-founder of [The Weinstein Company]," "knew, or was in reckless disregard of the fact, that it was the pattern and practice of Harvey Weinstein to travel in interstate and foreign commerce to entice or recruit [ ] young female actors with the promise of roles," and further, that he "willfully caused" Harvey's sex acts with her by "supporting Harvey Weinstein's pursuit of their joint business interests." *Id.* at 513.

Judge Sweet recognized that "[t]o adequately allege 'participation in a venture in violation of 18 U.S.C. § 1591(a)(2),' [the plaintiff] must plead facts suggesting that [the defendant] (i) 'knowingly benefited, (ii) from participation in a commercial sex trafficking venture, (iii) while knowing (or in reckless disregard of the fact) that means of force, fraud or coercion would be used to cause the trafficked person to engage in a commercial sex act.'" *Id.* at 523 (quoting *Afayre*, 632 F. App'x at 283). Critically, Judge Sweet found that a plaintiff "must allege *specific conduct that furthered the sex trafficking venture.*" *Id.* (emphasis added). Further, "[s]uch conduct must have been undertaken with the knowledge, or in reckless disregard of the fact, *that it was furthering the alleged sex trafficking venture.* In other words, *some participation in the sex trafficking act itself must be shown.*" *Id.* (emphasis added). Analyzing the plaintiff's allegations against Robert Weinstein, Judge Sweet concluded that "factual allegations implicating Robert as a participant in Harvey's 2014 conduct toward Noble [were] required. *Without participation, there can be no violation of Section 1591(a)(2).*" *Id.* (citing *Afayre*, 632 F. App'x at 286 ("We agree with the district court and find that § 1591(a)(2) *targets those who participate in sex trafficking*")) (emphasis added). Judge Sweet noted that "[t]aken as true, the allegations against him suggest that Robert 'facilitated' Harvey's travel by virtue of his job responsibilities at TWC, and that he 'benefitted financially from Harvey Weinstein's promotion of films and other business-related

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

activities in foreign commerce,'" but, "[w]hat [was] missing [were] factual allegations that link Robert's actions to Harvey's 2014 conduct toward [the plaintiff]." *Id.* (citing *Lawson v. Rubin*, No.17-cv-6404, 2018 WL 2012869, at *11 (E.D.N.Y. Apr. 29, 2018) (dismissing claims against peripheral defendant, because plaintiffs failed to "allege any facts to show that [defendant] knowingly benefited ... from *participation* in a venture.")) (internal quotations omitted). Plaintiff's claim as to Robert Weinstein was dismissed. *Id.*

In a series of similar cases to Plaintiff J.C.'s claim, which were filed in the Northern District of Georgia, the court recently held a hearing on several pending Motions to Dismiss on February 7, 2020.[4]  At the conclusion of the hearing, Judge William Ray ordered the dismissal of Choice and other franchisors from all the pending actions, without prejudice.[5]  Specifically, Judge Ray noted that he did "not find the claims [against the franchisors] plausible."[6]  Judge Ray also noted during the hearing that the plaintiffs did not properly allege Choice and other defendants "knew or should have known."  (*See* February 7, 2020 Hearing Transcript, attached hereto as **Exhibit A** to the Declaration of Sara M. Turner, at p. 48 (hereinafter "Exhibit A")).  In dismissing Choice and other franchisors on *Twombly* and *Iqbal* grounds, Judge Ray also noted "I've got to see more than what's in the complaint for me to believe that there's a plausible claim as defined by Twombly against these particular defendants" and "I don't see that there's plausibility of facts alleged that would establish the claims…"  (**Exhibit A**, at p. 98, 102).

Choice does not own or operate the location at issue.  In fact, Plaintiff has affirmatively alleged that Choice's ultimate remedy is limited to "termination of the franchise agreement." (ECF No. 34, ¶ 94).  In other words, Choice has no control over the day-to-day operations of the location at issue, nor does it have any control over to whom rooms are rented.  Plaintiff does not allege that the trafficker(s) were employees or agents of Choice, or that they had any relationship to Choice whatsoever.  Plaintiff has not alleged what Choice's plausible "participation" was outside of a

---

[4] Civil Action Numbers: 1:19-CV-03849-WMR, 1:19-CV-03841-WMR, 1:19-CV-03843-WCMR, 1:19-CV-03845-WMR.

[5] A dismissal of the entities is forthcoming, but an order has not yet been issued.

[6] *See* Minute Sheet for proceedings held In Open Court on 02/07/2020, *Jane Doe 1 v. Red Roof Inns, Inc. et al*, 1:19-cv-03840.

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

contractual business relationship, recognized by California law, to permit the locations at issue to use Choice's brand name.  Similarly, Plaintiff's claim against Choice must fail because she does not and cannot allege that Choice actually participated or was "engaged in some aspect of the sex trafficking."  *See Afayre*, 632 F. App'x. at 286.  There are no factual allegations linking Choice's conduct and that of the perpetrator, much less a description of how Choice was a "participant" (even if knowledge is not required to establish participation) in an alleged sex trafficking venture.

**2.      Plaintiff does not allege sufficient facts to establish that Choice "knowingly benefitted."**

Plaintiff must allege that actual "participation" by Choice resulted in a "knowing" benefit. Plaintiff's Amended Complaint merely alleges that Choice "knowingly benefitted or received something of value from its facilitation of or participation in a venture," and "knowingly [] aided and participated with J.C.'s traffickers in their criminal venture."  (ECF No. 34, ¶¶ 12(d), 137). Plaintiff fails to explain, however, how Choice could have possibly benefitted from any alleged trafficking beyond the basic allegation that Choice "received something of value from its facilitation of or participation in a venture."   (ECF No. 34, ¶ 12(d)).   However, no means of facilitation is alleged.

In the recent Motion to Dismiss hearing before in the Southern District of Texas, Judge Atlas noted that the "knowing benefit" requirement under the statute should be limited to knowledge of what occurred at the location at issue.  Exhibit B, p. 25.

> THE COURT: I think the real argument there is that they - - well, it's not clear. It's just - - the statute just - - and the history of the statute just aren't clear about "knowing benefit" and where the limits should be. I think the limits are they should have known about what was going on ***in the hotel***.

*Id*. (emphasis added).

Judge Atlas further noted that even constructive knowledge is not sufficient to meet the "knowing benefit" requirement:

> THE COURT: It's constructive knowledge of the participation in a venture that has sex trafficking. There is not constructive -- I know you don't agree and this Ohio court didn't agree, but there's not a "should have known standard" for the benefit element. And that's where I'm sort of stumbling because the statute, that is, the drafter's [sic] knew enough to put "should have known" when they were describing

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    the participation and venture business, they did not put the "should have known"
     on the benefit itself.

2    THE COURT: Anyway, I'm just going to point out to you the statute did not dilute
     the knowing benefit. The civil statute did lessen the burden on participation in a
3    venture and what they needed to know about that venture or should have known
     about that venture, and I'm not willing to blend those statutes. I just think they need
4    to be kept separate and analyzed separately.

5    *Id.* at pp. 28, 29.

6        Plaintiff cannot dispute that such generation of funds would have occurred as to any use of

7    any room for any purpose.  The simple receipt of contractually contemplated royalty payments

8    does not rise to the level of a "knowing benefit" or "participation" in any trafficking act.  Plaintiff

9    has made no allegation that Choice was aware that any funds paid as part of the normal course and

10   operation of their contractual agreement were in any way connected to the alleged acts.  The simple

11   transfer of royalty payments under a preexisting franchise agreement are not those contemplated

12   under the statute as a means to create liability.   To do so would far expand the statutory

13   interpretation so as to make it limitless in numerous contexts.  Association alone cannot establish

14   liability; instead knowledge and "some participation in the sex trafficking act itself must be

15   shown."  *Noble*, 335 F. Supp. 3d at 524 (S.D.N.Y. 2018); *see also Afayre*, 632 F. App'x at 286

16   (agreeing with the district court's conclusion that the statute does not create liability simply

17   because of a defendant's "mere negative acquiescence," and to do so would create "a vehicle to

18   ensnare conduct that the statute never contemplated").

19       Furthermore, if the mere receipt of royalty payments (which are, of course, partially

20   derived from the rental of rooms since that is one method by which hotels generate funds) is

21   sufficient to allege liability under the TVPRA, the additional potential Defendants that would be

22   ensnared could expand exponentially as every entity that is in some business relationship with a

23   hotel is ultimately also benefitting financially from room rentals (*e.g.,* cable television, pizza

24   delivery or food delivery services, internet provider, carpet cleaners, contractors, and painters).

25   The possible application of such a rule to other types of businesses would also be expansive –

26   airlines, taxis, restaurants, etc.  The simple act of receiving money which is tangentially derived

27

28
                                              -18-
**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

from the rental of rooms ought not be sufficient to meet the standard of "knowing benefit" under the statute and is unsupported by congressional intent or other caselaw interpreting the "knowing benefit" requirement.

>   **3.   Plaintiff cannot plausibly allege that Choice knew or should have known J.C. was a minor or subject to "force, fraud, or coercion."**

Plaintiff has failed to allege that Choice "knew or should have known" of Plaintiff's alleged trafficking.  In order to establish this element, Plaintiff must allege that Choice knew or should have known that Plaintiff was either a minor or that she was being held by "force, fraud or coercion."  18 U.S.C. § 1591(a).  Here, Plaintiff has failed to allege that any Choice employee ever dealt with the Plaintiff personally, nor has she made any allegations that would make such interactions plausible.  This is similar to the allegations that were before Judge Ray in *Jane Doe 1 v. Red Roof Inns, Inc. et al.*, No. 1:19-cv-03840 (N.D. Ga.), *Jane Doe 2 v. Red Roof Inns, Inc. et al.*, No. 1:19-cv-03841 (N.D. Ga.), *Jane Doe 3 v. Red Roof Inns, Inc. et al.*, No. 1:19-cv-03843, 2019 WL 4054043 (N.D. Ga.), and *Jane Doe 4 v. Red Roof Inns, Inc. et al.*, No. 1:19-cv-03845, 2019 WL 4054042  (N.D. Ga.), in deciding to dismiss the franchisors for failure to make plausible allegations:

>   THE COURT: Do you have any allegation in the complaint that any franchisor ever dealt with any of the people that were of the hotel that would have been victims?
>
>   MR. FLOYD: Directly with the victims, no, and it wouldn't be possible to allege that, your Honor. We wouldn't know who that exact person is under –
>
>   THE COURT: But it's also not plausible either, is it?

(**Exhibit A**, at p. 40).

Any allegations that customers complained about "suspicious activity" of prostitution existing on properties itself is insufficient to meet a known or should have known standard under either 18 U.S.C. §§ 1595(a) or 1591.  Judge Ray found the following:

>   THE COURT: And how does the franchisor know about it? Is your only allegation going to be that, well, they're supposed to do inspections, and they should have seen it when they got there?
>
>   MR. FLOYD: No, because we also allege that they each got complaints from customers about prostitution.

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

THE COURT: Not about underage. You haven't alleged that they got reports about underage people or that the prostitutes themselves were being held for violence; you have not alleged that, have you, Mr. Floyd?

(**Exhibit A**, at p. 43).

In the Southern District of Texas, Judge Nancy Atlas noted that general factual allegations of alleged sex-trafficking incidents at branded hotels are insufficient to put a franchisor on notice. (See **Exhibit B**, at p. 4). Moreover, the allegations that have been made are conclusory in nature, at best. Further, the fact a franchisor may conduct periodic inspections of a franchised property by itself, is insufficient to impart either knowledge or that a franchisor should have known. (ECF No. 34, ¶ 94; **Exhibit A**, at p. 43).

Plaintiff has not alleged that Choice provided any affirmative assistance to any of the alleged traffickers. Plaintiff bears the burden of plausibly alleging knowledge of the specific trafficking venture to which Plaintiff was allegedly trafficked. *See Ratha v. Phatthana Seafood Co., Ltd.*, No. 16-4271, 2017 WL 8293174, at *5 (C.D. Cal. Dec. 21, 2017) (holding that knowledge of forced labor cannot be based solely on "conflicting" and "unsubstantiated" general reports). In sum, Plaintiff has failed to allege any facts that Choice, as a franchisor, knew or should have known what Plaintiff alleges occurred.

### 4. Plaintiff has not properly alleged that Choice was in an agency relationship with the franchisee, and even if she could, Plaintiff's agency allegations do not create liability under the TVPRA.

Plaintiff's Complaint makes allegations that the franchisee is an actual or apparent agent of Choice but stops short of explaining how those allegations relate to, much less create any, liability under the TVPRA. This is because such allegations do not impart liability under the TVPRA and do not establish a "knowing benefit" nor "participation in a sex trafficking venture" as required. There is no case law that supports the idea that a simple agency relationship — even if one existed, which it does not here — is sufficient to create liability under the TVPRA. Moreover, vicarious liability is not contemplated by the TVPRA as a means to impart liability or "participation." Even if that were the case, here, the allegations themselves are insufficiently pled.

-20-

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Plaintiff's Amended Complaint does not even contain any specific facts regarding alleged conduct on the part of the franchisee and/or its employees related to *knowingly* benefitting from *participation* in a sex trafficking venture.  Accordingly, Plaintiff's allegations are insufficient under *Twombly* and *Iqbal*, *supra*.  But even if her Amended Complaint did allege such conduct on the franchisee's part, Plaintiff has not articulated any legal basis under the TVPRA for holding a franchisor liable for its franchisee's alleged actions or inactions on the grounds that the franchisee is an alleged agent of the franchisor.  The statute simply does not contemplate liability as to Choice under the facts as pled.

Plaintiff's Amended Complaint alleges no basis for departing from the general rule that a franchisee is not an agent of the franchisor.  A franchisor can only be held liable for the actions of a franchisee if the franchisor exerts sufficient day-to-day control over the activity giving rise to a cause of action.  *See, e.g., Patterson v. Dominos Pizza, LLC*, 333 P.3d 723, 740 (Cal. 2014).  Plaintiff's Amended Complaint claims an agency relationship is established through "Choice's exercise of ongoing and systemic right of control over Quality Inn® hotels by Choice's operations . . . ." (ECF No. 34, ¶ 106(f)).  However, Plaintiff's allegations fail to establish more than Choice's contractually-established right to control its brand and reputation.  Such right does not confer an agency relationship between Choice and the franchisee at issue.

Even if there was a basis for departing from the general rule, Plaintiff has not properly alleged actual agency between Choice and the franchisee.  The party alleging the agency relationship bears the burden of establishing that one exists.  *See, e.g., Henderson v. United Student Air Funds, Inc.*, 918 F.3d 1068, 1073 (9th Cir. 2019).  Plaintiff alleges an agency relationship was created through Choice's "exercise of an ongoing and systemic right of control over Quality Inn® hotels" and then proceeds to list a formulaic recitation of "actions" that Choice allegedly takes over the franchised locations at issue.  (ECF No. 34, ¶ 106(e) and (f)).  However, Plaintiff fails to take into account that a franchisor is generally not vicariously liable for a tort committed at a franchisee's location.  *See, e.g., Walker v. Pacific Pride Services, Inc.*, No. 07-17373, 2009 WL 2461126 (9th Cir. 2009).  Choice does not own and does not operate the location at issue.

-21-

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

An agency relationship does not exist if the franchise agreement does not give the franchisor the right of complete or substantial control over the franchisee. *See, e.g., Walker v. Pacific Pride Services, Inc*., 341 Fed. App'x. 350, 351 (9th Cir. 2009). "A franchisor must be permitted to retain such control as is necessary to protect and maintain its trademark, trade name and goodwill, without the risk of creating an agency relationship with its franchisees." *Id.* (internal quotations omitted). Plaintiff has not plausibly alleged any of the requisite elements as to actual agency, nor could she. In fact, Plaintiff has not even made conclusory allegations to establish the elements required. There can be no question that even if an agency relationship were properly alleged, the acts as alleged would have far exceeded the scope of any such agency.

If a franchisor cannot be vicariously liable for the negligent actions of a franchisee, it goes without saying that a franchisor cannot be liable for a third-party's intentional, criminal conduct under the TVPRA. As the Sixth Circuit explained with its soccer player hypothetical in *Afayre*, the statute "targets those who participate in sex trafficking; it does not target soccer players who turn a blind eye to the source of their financial sponsorship." *Afyare*, 632 F. App'x at 286. The TVPRA does not impart liability without actual and direct "participation in a sex trafficking venture." *See id.* There is simply no factual or legal basis under which Plaintiff could succeed on her claims against Choice.

Plaintiff also fails to properly allege liability under a theory of apparent agency.

> Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question. The ostensible authority of an agent cannot be based solely upon the agent's conduct. The third party's belief must not only be reasonable, but also "traceable" to the principal's manifestations.

*Lushe v. Verengo Inc*., No. CV 13-07632, 2015 WL 500158, at *4 (C.D. Cal. Feb. 2, 2015) (internal citations and quotations omitted). Accordingly, to establish apparent agency, it is not enough that the purported principal has represented another to be his agent; instead, the third party must establish that he or she reasonably relied on the principal's authority and such reliance changed his or her position. In other words, the Court must find a representation of Quality Inn's agency

-22-

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

status made by Choice to Plaintiff, and reasonable reliance upon this representation by J.C. resulted in her trafficking.

Plaintiff asserts that "Choice held out Quality Inn® branded hotels to the public as possessing authority to act on its behalf." (ECF No. 34, ¶ 106(g)). Here, Plaintiff merely asserts an element for establishing authority but does not allege how Choice specifically "held out" Quality Inn® as possessing authority to act on Choice's behalf nor what reliance resulted in harm to Plaintiff.   In fact, <u>Plaintiff does not even allege that she ever was present at a Quality Inn®</u>. (*See, e.g.,* ECF No. 34, ¶¶ 12, 109-124).  Furthermore, noticeably absent from Plaintiff's Amended Complaint are any allegations that (1) a representation was made *to Plaintiff* by Choice, much less that (2) *Plaintiff herself* reasonably relied on any such representation by Choice.  To the contrary, Plaintiff's Amended Complaint makes plain that she did not choose to stay at the locations at issue based on any representation that it was owned and operated by Choice.  In fact, it was not her decision to stay there at all — Plaintiff has alleged that she was present through means of the trafficker's exploitation, kidnapping, false imprisonment, and force. (ECF No. 34, ¶ 109).  Thus, the fundamental premise of Plaintiff's Amended Complaint in this case makes it impossible for her to prove the essential elements of apparent agency.

### 5.    Choice cannot be imputed with liability based on the actions or knowledge of employees of the franchisee.

The NLRB recently adopted new Rules which set out clarity as to the standard regarding a joint employer.  While not specifically binding on this Court's interpretation of the TVPRA, they certainly represent strong persuasive evidence that much more must be alleged by Plaintiff before any plausible allegation can be made which would impart liability upon a franchisor for actions taken (or not taken) by a franchisee.  They are also instructive as to the requisite allegations with respect to control that have not been articulated by Plaintiff here.

A summary of the Final Rule as set out by the NLRB states as follows:

• Specifies that a business is a joint employer of another employer's employees only if the two employers share or codetermine the employees' essential terms and conditions of employment;

-23-

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

• Clarifies the list of essential terms and conditions: wages, benefits, hours of work, hiring, discharge, discipline, supervision, and direction;

• Provides that to be a joint employer, a business must possess and exercise such substantial direct and immediate control over one or more essential terms and conditions of employment of another employer's employees as would warrant a finding that the business meaningfully affects matters relating to the employment relationship;

• Specifies that evidence of indirect and contractually reserved but never exercised control over essential terms and conditions, and of control over mandatory subjects of bargaining other than essential terms and conditions, is probative of joint-employer status, but only to the extent that it supplements and reinforces evidence of direct and immediate control;

• Defines the key terms used in the final rule, including what does and does not constitute "substantial direct and immediate control" of each essential employment term;

• Makes clear that joint-employer status cannot be based solely on indirect influence or a contractual reservation of a right to control that has never been exercised.[7]

Choice asks this Court to take judicial notice of the rulemaking and the impact it has on the lack of plausibility of the allegations made by Plaintiff.

Furthermore, for a plaintiff to establish a joint employer relationship:

[T]he complaint must allege facts satisfying the following elements: (1) The nature and degree of control each employer had over the others' employees; (2) day-to-day supervision and discipline over each other's employees; (3) authority to hire and fire the employee and to set employment conditions; and (4) control over employment records and over methods and amounts of payment of the other's employees.

*Stewart v. Chick-Fil-A*, No. 19-cv-1780, 2020 WL 264578, at * (S.D. Cal. Jan. 17, 2020) (internal citation omitted). Here, Plaintiff has not plausibly alleged any of the necessary elements to establish that Choice is a joint employer of the franchisee's employees.

C.   **Plaintiff does not and cannot state a plausible claim against Choice for an alleged violation of the California Civil Code Section 52.5.**

Plaintiff fails to state a plausible claim for relief under California Civil Code Section 52.5. Section 52.5 provides that "[a] victim of human trafficking, as defined in Section 236.1 of the

---

[7] *The National Labor Relations Board Fact Sheet: Joint Employer Final Rule*, NATIONAL LABOR RELATIONS BOARD, https://www.nlrb.gov/sites/default/files/attachments/basic-page/node-7581/fact-sheet-joint-employer-final-rule.pdf (last visited March 4, 2020).

-24-

Penal Code, may bring a civil action for damages."  CA CIVIL § 52.5.  Penal Code Section 236.1 provides:

> (a) A person who deprives or violates the personal liberty of another with the intent to obtain forced labor or services, is guilty of human trafficking and shall be punished by imprisonment in the state prison for 5, 8, or 12 years and a fine of not more than five hundred thousand dollars ($500,000).

> (b) A person who deprives or violates the personal liberty of another with the intent to effect or maintain a violation of Section 266, 266h, 266i, 266j, 267, 311.1, 311.2, 311.3, 311.4, 311.5, 311.6, or 518 is guilty of human trafficking and shall be punished by imprisonment in the state prison for 8, 14, or 20 years and a fine of not more than five hundred thousand dollars ($500,000).

> (c) A person who causes, induces, or persuades, or attempts to cause, induce, or persuade, a person who is a minor at the time of commission of the offense to engage in a commercial sex act, with the intent to effect or maintain a violation of Section 266, 266h, 266i, 266j, 267, 311.1, 311.2, 311.3, 311.4, 3115, 311.6, or 518 is guilty of human trafficking.

CA PENAL § 236.1. (emphasis added).

Plaintiff's conclusory allegations under this claim are virtually identical to the allegations for her TVPRA claim.  Plaintiff has made no attempt to distinguish her claims or provide anything other than mere recitation of the elements.  Furthermore, Plaintiff does not allege which of the many sections of Section 52.5 and Section 236.1 are applicable in this case.  It is, therefore, impossible for Choice to defend against Plaintiff's claim.  Accordingly, this claim should be dismissed as poorly plead and insufficient under *Twombly* and *Iqbal*, supra.

Additionally, under Section 52.5, "[h]uman trafficking is defined as the deprivation or violation of the personal liberty of another 'with ***the intent*** to obtain forced labor or services.'" *Lofthus v. Long Beach Veterans Hospital*, 214 F.Supp.3d 908, 916 (C.D. Cal. 2016) (internal citation omitted) (emphasis added).  Plaintiff fails to allege any intent *by Choice* to obtain forced labor or services, nor could she.  Plaintiff's only allegation is that Choice's unnamed "acts, omissions, and commissions" violated Section 52.5. (ECF No. 34, ¶ 177).  Plaintiff's allegations are insufficient to give rise to liability as to Choice directly.  Furthermore, plaintiff's allegations that Choice "financially benefitted" as a result add nothing to Plaintiff's state law claim. (ECF No. 34, ¶ 178).  Plaintiff has not plausibly shown that Choice itself deprived Plaintiff of personal liberty.  These conclusory allegations are the same as the allegations in Plaintiff's TVPRA claim,

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and likewise, they are insufficient to establish any liability as to Choice directly.

IV.     **CONCLUSION**

For all the foregoing reasons, Choice's Motion to Dismiss Plaintiff's claims should be granted, and all claims asserted against Choice should be dismissed with prejudice.

Respectfully submitted this 2nd day of April 2020.

/s/ <u>KAI PETERS</u>
KAI PETERS (SBN: 198516)
kpeters@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

/s/<u>SARA M. TURNER</u>
SARA M. TURNER
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
420 20th Street North, Suite 1400
Birmingham, Alabama  35203-5202
(205) 328-0480  telephone
(205) 322-8007  facsimile
smturner@bakerdonelson.com
*Pro Hac Vice* Application Pending
*Attorneys for Defendant,*
*Choice Hotels International, Inc.*

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-26-
**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.


/s/ <u>KAI PETERS</u>
KAI PETERS (SBN: 198516)
*Attorney for Defendant Choice Hotels*
*International, Inc.*

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-27-
**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MOTION TO DISMISS**