KAI PETERS (SBN: 198516)
kpeters@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

SARA M. TURNER
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
420 20th Street North, Suite 1400
Birmingham, Alabama  35203-5202
(205) 328-0480  telephone
(205) 322-8007  facsimile
smturner@bakerdonelson.com

*Attorneys for Defendant,*
*Choice Hotels International, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C., an individual, | Case No. 3:20-cv-00155-WHO |
| Plaintiff, | |
| v. | **DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER RULE 12(b)(6), MOTION TO STRIKE UNDER RULE 12(f)** |
| Choice Hotels International, Inc., Hilton Worldwide Holdings, Inc., and Marriott International, Inc., | |
| Defendants. | |

**ORAL ARGUMENT:**
Date:        June 3, 2020
Time:        2:00 p.m.
Judge:       Hon. William H. Orrick
Courtroom: 2

## RELIEF REQUESTED

Defendant Choice Hotels International, Inc. ("Choice"), requests that this Court dismiss Plaintiff's Amended Complaint against Choice on the grounds that Plaintiff has failed to state a claim for relief.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether this Amended Complaint fails to state a claim for relief against Choice under the Trafficking Victims Protection Reauthorization Act ("TVPRA") and California Civil Code § 52.5 because Plaintiff has not properly pled facts under which Choice, as franchisor could be liable for actions allegedly taken by its franchisees and / or other unnamed criminal actors, that Choice participated in a venture, knew or should have known about Plaintiff's alleged trafficking, or knowingly benefitted from Plaintiff's alleged trafficking.

## REPLY IN SUPPORT OF DEFENDANT
## CHOICE HOTELS INTERNATIONAL, INC.'s MOTION TO DISMISS

Defendant Choice Hotels International, Inc. ("Choice"), submits this Reply in support of its Motion to Dismiss (ECF No. 45; hereinafter, the "Motion") Plaintiff J.C.'s Amended Complaint (ECF No. 34; hereinafter, the "Amended Complaint").

## I.      INTRODUCTION

Plaintiff generically contends that Choice "owns, supervisors, [sic] and/or operates the Comfort Inn where J.C. was trafficked," but she fails to make specific allegations setting out exactly how Choice owns or operates the property at issue in this case. (ECF No. 55, p. 12:28-13:2).  This is because Choice does not own, operate or control the property at issue – Choice is a franchisor.  Plaintiff's failure to properly identify the alleged relationship between Choice and the property at issue is at the heart of why her Complaint must fail – the allegations are merely conclusory renditions of the elements of the causes of action themselves.  Failure to allege the plausible and specific relationship between Choice and the property at issue is not the only missing link, Plaintiff also fails to allege the relationship between Choice and the alleged criminal

Choice's Motion to Dismiss
Case No. 3:20-cv-00155-WHO

wrongdoers (the unidentified traffickers) and even the Plaintiff herself.  As a result, there is no allegation which plausibly sets out a theory under which Choice either knew (or should have known) that Plaintiff was allegedly trafficked, much less participated or profited from such a venture.

Plaintiff also contends that she must only allege facts which demonstrate that Choice "should have known" trafficking was occurring.  The cases she cites in support, however, do not support a "should have known" standard, nor is such a standard supported by the relevant statutory language.  Significantly, Plaintiff argues that Choice could have taken steps to prevent trafficking but does not set forth how it could have implemented such "steps" at a property it does not own or operate, such as the one at issue here.

In the Northern District of Georgia, Judge William H. Ray recently issued four (4) written opinions, dismissing Choice and other franchisors on the grounds that the plaintiffs failed to state a plausible claim for which relief can be granted.  *Jane Doe 1 v. Red Roof Inns, Inc. et al.*, No. 1:19-cv-03840, 2020 WL 1872335  (N.D. Ga., April 13, 2020), *Jane Doe 2 v. Red Roof Inns, Inc. et al.*, No. 1:19-cv-03841, 2020 WL 1872337 (N.D. Ga., April 13, 2020), *Jane Doe 3 v. Red Roof Inns, Inc. et al.*, No. 1:19-cv-03843, 2020 WL 1872333 (N.D. Ga., April 13, 2020), and *Jane Doe 4 v. Red Roof Inns, Inc. et al.*, No. 1:19-cv-03845, 2020 WL 1872336 (N.D. Ga., April 13, 2020) In dismissing Choice and other franchisors on pleading grounds, Judge Ray found that simply because a franchisor had knowledge of prostitution generally or because brand inspections were made of the property at issue, such allegations are insufficient to meet either a "known or should have known" standard under the TVPRA.  *See Jane Doe 1 v. Red Roof Inns, Inc. et al.*, No. 1:19-

Choice's Motion to Dismiss
Case No. 3:20-cv-00155-WHO

cv-03840, 2020 WL 1872335 , *3 (N.D. Ga., April 13, 2020).[1]  Plaintiff's allegations here are similarly deficient.[2]

## II.    Argument

### A.    The Amended Complaint is an impermissible shotgun pleading.

Shotgun pleadings are those that "overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed response to plaintiff's allegations." *SEC v. Bardman*, 216 F. Supp. 3d 1041, 1051 (N.D. Cal. 2016).  By incorporating pointless factual allegations into her claim, Plaintiff's Amended Complaint is exactly the type of shotgun pleading that necessitates action by the Court.  Plaintiff brings a TVPRA and a state-law claim against three defendants in her Amended Complaint; however, Plaintiff asserts irrelevant and salacious allegations against the hotel industry as a whole.  These "factual allegations" do nothing to further Plaintiff's claims.  Instead, the only purpose these allegations serve is to prejudice Choice and to confuse the facts at issue.  None of the allegations are related to Plaintiff or Plaintiff's specific claim against Choice.  Plaintiff even tries to excuse its pleading deficiencies as a "clerical error."[3]

---

[1] Judge Ray subsequently issued a dismissal with prejudice as to Choice and other franchisors on May 6, 2020. *See* Order, *Jane Doe 1*, No. 1:19-cv-03840-WMR (N.D. Ga. May 6, 2020), ECF No. 298; Order, *Jane Doe 2*, No. 1:19-cv-03841-WMR (N.D. Ga. May 6, 2020), ECF No. 291-1; Order, *Jane Doe 3*, No. 1:19-cv-03843-WMR (N.D. Ga. May 6, 2020), ECF No. 220; Order, *Jane Doe 4*, No. 1:19-cv-03845-WMR (N.D. Ga. May 6, 2020), ECF No. 197.

[2] Choice notes that on May 13, 2020, Plaintiff filed motion to shorten time for leave to amend her First Amended Complaint.  (ECF No. 59)  Plaintiff's requested amendments pertain ***only*** to another defendant (Hilton Worldwide Holdings, Inc.) and does not impact the instant Choice motion to dismiss.  Plaintiff does not request that the instant Choice motion to dismiss be delayed or postponed as a result of Plaintiff's motion.  (ECF No. 59)

[3] While Plaintiff attempts to minimize its pleading errors as a "clerical error," Plaintiff's allegations are indecipherable as to incidents and brands that it references and remain so even in its Opposition.  Plaintiff cites to unrelated alleged incidents at "Quality Inn" (*see* ECF No. 34, ¶ 106(a)(referencing a Quality Inn in Santa Cruz), ¶106(i)(referencing Quality Inns in various states, and *see* generally ¶106) while asserting that Plaintiff frequented a "Comfort Suites" or alternatively a "Comfort Inn" (*See, e.g.*, ECF No. 34, at ¶¶35, 111, 112).  Plaintiff calls these discrepancies a "clerical error" (*See,* Pl. Opp., ECF No. 55 at p. 10 at n. 13) but also obfuscates by generically

Choice's Motion to Dismiss
Case No. 3:20-cv-00155-WHO

Plaintiff claims she was trafficked for eleven years but does not specify which dates she was present at a Choice-branded hotel in California, how long she stayed at a Choice-branded hotel in California, how frequently she visited a Choice-branded hotel, Plaintiff's trafficker's identity, Plaintiff's identity, or the identity of any personnel whatsoever at any location.  Plaintiff claims that she moved to Las Vegas, Nevada with her trafficker but fails to specify over which period of time she was trafficked out of state.  (ECF No. 34, ¶ 116).  Plaintiff further alleges she spent an extended amount of time in hotels in Alexandria, Virginia yet fails to allege any specific dates as to when she was present in those different states.  (ECF No. 34, ¶ 11).  Plaintiff has failed to plead what specifically Choice has done wrong, when, and over what period of time.

> **B.**     **The Amended Complaint fails to state a plausible claim under the TVPRA as to Choice.**

Plaintiff's Amended Complaint and her Response to Choice's Motion to Dismiss fails to state a plausible claim under the TVPRA as to Choice.  Plaintiff attempts to create a cause of action for "vicarious liability" that is not included in Section 1595 of the TVPRA.  Further, even if such an attenuated cause of action did exist, conclusory allegations of vicarious liability or of an alter ego are insufficient to overcome a motion to dismiss.  *See, e.g*., *Gerritsen v. Warner Bros. Entertainment Inc*., 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015) ("Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specific facts supporting [] the necessary elements").  Here, Plaintiff has not alleged *specific* facts supporting the necessary elements; instead, plaintiff merely alleges a list of actions to show how "Choice may exercise control." (ECF No. 34, ¶ 106(e), (f)).

Plaintiff's Amended Complaint makes no plausible allegations that Choice sought or received any commercial gain from human trafficking activities themselves; instead, it is only

---

referencing "Choice brand's franchisees," leaving Choice with no greater clarity as to its allegations even in its Opposition (*See,* Pl. Opp., ECF No. 34 at p. 11:16-19).

Choice's Motion to Dismiss
Case No. 3:20-cv-00155-WHO

remuneration coming in the form of royalties (even if based on room rentals) received via a contractual franchise agreement with a franchisee owner/operator.  In contrast, the TVPRA is aimed at those who engage in trafficking and the business of prostitution for commercial gain. *See U.S. v. Walls*, 784 F.3d 543, 548 (9th Cir. 2015) ("The TVPRA is part of a comprehensive regulatory scheme that criminalizes and attempts to prevent slavery, involuntary servitude, and human trafficking for commercial gain . . . .").  Congress did not intend the TVPRA to apply to the type of conduct alleged here and certainly did not intent for it to extend vicariously to third parties, such as Choice, who have no involvement in the alleged conduct.

Instead, participation requires "assisting, supporting, or facilitating" sex trafficking. 18 U.S.C. § 1591(e)(4); *See also Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 158 (S.D.N.Y. 2019).

> Unlike direct perpetrators of sex trafficking, aiders and abettors of sex trafficking are liable under the TVPA only if they knowingly "benefit[ ], financially or by receiving anything of value, from participation in a venture which has engaged in" sex trafficking. 18 U.S.C. §§ 1591(a)(2), 1595(a) (emphasis added). The participation giving rise to the benefit must be participation in a sex-trafficking venture, not participation in other activities engaged in by the sex traffickers that do not further the sex-trafficking aspect of their venture. *See United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016) ("§ 1591(a)(2) targets those who participate in sex trafficking; it does not target [those] who turn a blind eye to the source of their financial sponsorship."). In other words, there must be a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit, with actual or, in the civil context, constructive knowledge of that causal relationship.

*Geiss*, 383 F. Supp. 3d at 169.

In the Northern District of Georgia cases, the Court recently issued four (4) written opinions dismissing Choice and other franchisors on the grounds that the plaintiffs failed to state a plausible claim for which relief can be granted.  *See Jane Doe 1*, 2020 WL 1872335 (N.D. Ga., April 13, 2020), *Jane Doe 2*, 2020 WL 1872337 (N.D. Ga., April 13, 2020), *Jane Doe 3*, 2020 WL 1872333 (N.D. Ga., April 13, 2020), and *Jane Doe 4*, 2020 WL 1872336 (N.D. Ga., April 13,

Choice's Motion to Dismiss
Case No. 3:20-cv-00155-WHO

1   2020).  In dismissing Choice and other franchisors on pleading grounds, Judge Ray undertook an

2   "exhaustive review" of the issues as he explained in each opinion:

3           The Court heard oral argument on these motions on February 7, 2020 and issued an
            oral ruling thereon. Thereafter, the Court requested the parties affected by the ruling
4           to draft proposed orders memorializing the Court's ruling and/or to comment on
            the orders that were so drafted. After an exhaustive review and editing of said orders
5           by a court intern, a staff attorney, and the Presiding Judge himself [Hon. Thomas
            W. Thrash, Jr.], the Court issues this written Order.
6

7   Id. at p. *1 at n.1.[4]  Ultimately, the Court found "that the Amended Complaint does not set forth

8   facts sufficient to allege plausibly that the Franchisor and Corporate Affiliate Defendants knew or

9   should have known of the acts alleged by the Plaintiff at the hotels." *Id*. at p. 2.  In analyzing the

10  TVPRA statute, the Court adopted the legal analysis set forth by Choice in its Motion to Dismiss

11  that a plaintiff must allege as to each defendant:

12

13          that they each had three separate types of knowledge with respect to that venture:
            (1) knowledge as to a benefit received from trafficking; (2) knowledge as to
14          "assisting, supporting or facilitating" trafficking; and (3) knowledge that Plaintiff
            was either a minor or subject to force. 18 USC §§ 1595(a); 1591(a)(2); 1591(e)(4).
15          Association alone cannot establish liability; instead, knowledge and "some
            participation in the sex trafficking act itself must be shown." *Noble v. Weinstein*,
16          335 F.Supp.3d 504, 524 (S.D.N.Y. 2018); *see also U.S. v. Afyare*, 632 F.App'x 272,
            286 (6th Cir. 2016).
17

18  *Id*. at p. 3.  Liability under the TVPRA, therefore, requires both knowledge *and* participation in

19  sex trafficking as two separate elements.  Plaintiff J.C. has failed to plausibly allege that Choice

20  had either knowledge as to sex trafficking or participation in the sex trafficking venture.

21

22          Judge Ray held that the *Jane Doe* Plaintiffs "failed to allege properly that the defendant

23  franchisors had actual knowledge or that they 'should have known' as to any of the statutorily

24  required elements."  *Id*. at p. *3.  The allegations that were made were merely "conclusory in

25  nature," and

26          Plaintiff has failed to allege that the Franchisor and Corporate Affiliate Defendants
            ever dealt with the Plaintiff herself, nor has she made any allegations that would
27

28
    ───────────────────────
    [4] Citations herein are to all four opinions.

                                                    Choice's Motion to Dismiss
                                                    Case No. 3:20-cv-00155-WHO

make such interactions plausible. The fact a franchisor may conduct inspections of a franchised property by itself is insufficient to impart knowledge of trafficking activity upon a franchisor or that a franchisor should have known of such trafficking activity.

*Id.* at p. *3.  Plaintiff J.C.'s allegations are similar to the *Jane Doe* plaintiffs in that they are conclusory in nature and fail to sufficiently allege a plausible claim against Choice under the TVPRA.  Like Judge Ray ordered in the Northern District of Georgia, such allegations are not sufficient to state a claim against Choice under the TVPRA.

Furthermore, the TVPRA creates a civil remedy against "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture" which that person knew or should have known has engaged in a sex trafficking act, including those listed in § 1591(a)(1).  This crime is a predicate act that must be plead and proven in order to invoke *any civil* liability under Section 1595.  However, here, Plaintiff has not properly pled the predicate act under Section 1591, nor Choice's connection thereto.  Plaintiff has not and cannot allege that Choice, as franchisor, committed any of the predicate acts of human trafficking under Section 1595.  Instead, Plaintiff has chosen to argue that Choice "participated in a venture" which rented rooms to unnamed traffickers who were engaged in the requisite predicate act, and therefore, Choice tangentially "benefitted" from the alleged trafficking.

### C.   The Amended Complaint fails to state a plausible claim under Cal. Civ. Code § 52.5 as to Choice.

Plaintiff's state law claim must fail for the same reasons as her TVPRA claim.  Plaintiff's conclusory allegations under this claim are virtually identical to the allegations in her TVPRA claim.  Plaintiff has made no attempts to provide anything more than recitation of the elements.  Plaintiff has failed to plausibly allege any of her theories of vicarious liability, alter ego, or agency as it relates directly to Choice.

Choice's Motion to Dismiss
Case No. 3:20-cv-00155-WHO

Plaintiff claims that the wording of the California statute is only meant to confer standing on the Plaintiff but does not limit the potential defendants that may be held liable as a result.  While this may be true for claims brought against a trafficker, the same cannot necessarily be said to hold true when claims are brought against a third-party who had no participation or involvement in the alleged illegal activity.  In support, Plaintiff cites to and quotes the statute's legislative history.  However, Plaintiff fails to take into account that the legislative history also states:

> This bill creates a civil cause of action, in order to hold *human traffickers* liable for unlawful acts against their victims. Accordingly, this bill allows victims of human trafficking to sue *those who trafficked them* for money damages including actual as well as punitive damages and to seek an injunction against a trafficker.[5]

Bill Analysis of Assembly Bill 22, 2005 Assembly Committee on Judiciary, Regular Session (Cal. Apr. 28, 2005) (emphasis added). The legislative history further states:

> Thus, this bill will provide trafficking survivors the right to monetary damages from *their traffickers* for physical and mental abuse as well as unpaid wages and overtime.

*Id*. (emphasis added).  Plaintiff cannot deny that the legislative history of the statute did not explicitly ponder liability for actors beyond the alleged traffickers.

In construing a statute, "the plain meaning will prevail unless a clearly expressed legislative intent is to the contrary, or unless the plain meaning leads to absurd results." *White v. Pierce*, 834 F.2d 725, 728 (9th Cir. 1987) (internal citations omitted).  Section 52.5 specifically references Section 236.1 of the California Penal Code, which defines that a person is guilty of human trafficking if he "deprives or violates the personal liberty of another with the intent to obtain forced labor or services." Cal. Penal Code. § 236.1(a).  Plaintiff asserts that there is no such intent requirement in a plain reading of the statute.  However, cases interpreting the statute read the intent element into a plaintiff's claims. *See, e.g*., *Owino v. CoreCivic, Inc*., No. 17-CV-1112 JLS (NLS),

---

[5] Bill Analysis of A.B. 22, 2005 Assemb. Comm. On Judiciary, Reg. Sess. (Cal. Apr. 28, 2005), www.leginfo.ca.gov/pub/05-06/bill/asm/ab_0001-0050/ab_22_cfa_20050428_095213_asm_comm.html.

Choice's Motion to Dismiss
Case No. 3:20-cv-00155-WHO

2018 WL 2193644, at *15 (S.D. Cal. May 14, 2018); *Talib v. Guerrero*, No. CV1503825JAKDFM, 2016 WL 1470082 (C.D. Cal. Mar. 14, 2016).  Accordingly, to hold that intent is not a requisite element of the California statute would be contrary to the plain meaning of the statute and relevant case law.

## III.    CONCLUSION

For all the foregoing reasons, Choice's Motion to Dismiss Plaintiff's claims should be granted, and all claims asserted against Choice should be dismissed with prejudice.

Respectfully submitted this 13th day of May 2020.

/s/ KAI PETERS
KAI PETERS (SBN: 198516)
kpeters@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

/s/SARA M. TURNER
SARA M. TURNER
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
420 20th Street North, Suite 1400
Birmingham, Alabama  35203-5202
(205) 328-0480  Telephone
(205) 322-8007  Facsimile
smturner@bakerdonelson.com

*Attorneys for Defendant,*
*Choice Hotels International, Inc.*

Choice's Motion to Dismiss
Case No. 3:20-cv-00155-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ <u>KAI PETERS</u>
KAI PETERS (SBN: 198516)

*Attorney for Defendant Choice Hotels International, Inc.*