UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C.,<br><br>               Plaintiff,<br><br>     v.<br><br>CHOICE HOTELS INTERNATIONAL, INC., et al.,<br><br>               Defendants. | Case No. 20-cv-00155-WHO<br><br>**ORDER GRANTING MOTION TO SHORTEN TIME**<br><br>Re: Dkt. No. 59 |

Plaintiff J.C. has sued several hotels in this case under the Trafficking Victims Protection Reauthorization Act of 2008 18 U.S.C. § 1591 *et seq.* for sex trafficking that occurred at their hotels. As to defendant Hilton Worldwide Holding Inc.'s ("Hilton"), the First Amended Complaint alleges that J.C. was trafficked at the Embassy Suites by Hilton in Alexandria Old Town located at 1900 Diagonal Road, in Alexandria, Virginia. First Amended Complaint ("FAC") [Dkt. No. 34] ¶¶ 108(a), 118, 122. Hilton has moved to dismiss the FAC on several grounds, including that there is no specific jurisdiction over them for conduct that occurred at the Embassy Suites in Virginia. Defendant Hilton Worldwide Holding Inc.'s Motion to Dismiss the First Amended Complaint Under Rules 12(b)(2), 12(b)(6) and 21 ("Hilton MTD") [Dkt. No. 43] 7.

During the meet and confer process on Hilton's motion to dismiss, J.C.'s counsel learned that J.C. was also trafficked on various occasions at the DoubleTree® by Hilton located at 2001 Point W. Way, Sacramento, California and the Hilton Sacramento Arden West located at 2200 Harvard St, Sacramento, California. Plaintiff's Motion to Shorten Time to Hear Plaintiff's Motion for Leave to Amend Her First Amended Complaint ("Mot. Shorten Time") [Dkt. No. 59] 2. Accordingly, she intends to seek leave to amend her FAC based on these new facts relevant to the

jurisdictional analysis raised by Hilton's motion to dismiss. Plaintiff's Proposed Motion for Leave to Amend Her First Amended Complaint ("Proposed Mot. for Leave") [Dkt. No. 59-3]; *id.*, Ex. B [Dkt. No. 59-6] (strikethrough comparison between FAC and proposed Second Amended Complaint). Before me is a request to shorten time so that J.C.'s motion to leave to amend the FAC is heard on the same day as Hilton's motion to dismiss, June 3, 2020. Mot. Shorten Time 1.

Hilton opposes for three reasons. *See* Defendant Hilton Worldwide Holdings Inc.'s Response to Plaintiff's Motion to Shorten Time to Hear Plaintiff's Motion For Leave to Amend Her First Amended Complaint ("Oppo.") [Dkt. No. 62]. First, it argues that J.C. delayed in raising this new theory about why it can be sued in California. But as J.C. explains in her motion, she only recently remembered the alleged trafficking in Sacramento due to the trauma of her victimization. Mot. Shorten Time 2. Second, Hilton contends that it needs an opportunity to fully brief the factors that govern leave to amend a pleading under *Foman v. Davis*, 371 U.S. 178, 182 (1962). Oppo. 4. Based on the summarized argument it has provided, I do not see the need to fully brief the *Foman* factors any further.

Third, Hilton acknowledges that "[n]othing in Plaintiff's proposed SAC affects the outcome of the questions that Hilton's Motion to Dismiss presents to the Court: (1) whether the Court has personal jurisdiction over Hilton related to alleged trafficking that took place in Virginia; (2) whether Hilton is a proper party; and (3) whether the [FAC] states a claim against Hilton under the Trafficking Victims Protection Reauthorization Act." Oppo. 1-2. It further acknowledges that "[t]he only material addition in the SAC is a single paragraph alleging forced sexual exchanges at two Sacramento hotels 'several times' between 2009 and 2010." *Id.* at 2. Accordingly, it provides reasons why this new allegation does not cure the lack of personal jurisdiction. This is precisely the kind of argument that Hilton can add to its reply brief in support of its motion to dismiss.

Having reviewed J.C.'s proposed motion for leave and Hilton's summarized reasons against it, I find that good cause exists to allow J.C. to amend her FAC and I am inclined to grant it once J.C. has filed the motion. As Hilton itself acknowledges, the proposed amendment is on the narrow issue that J.C. was also trafficked in Hilton's hotels located in Sacramento, California.

Instead of going through an entirely new briefing schedule on this narrow issue, the most efficient way to proceed is to allow that proposed amendment to be considered in this round of motions to dismiss and to allow Hilton an opportunity to respond to it in its reply brief in support of its motion to dismiss.

In the interest of judicial efficiency and fairness, J.C.'s motion to shorten time is GRANTED with the following modification:  J.C. must file her proposed motion for leave to amend her FAC and proposed SAC by May 19, 2020.  Upon granting her motion, for the reasons set forth above, Hilton's deadline to file a reply brief in support of its motion to dismiss will be extended from May 20, 2020 to noon (Pacific Standard Time) on May 26, 2020.  Hilton may use an additional five (5) pages to address its specific jurisdiction argument in light of J.C.'s new allegation that she was subject to traffic victimization in not only Alexandria, Virginia, but also in Sacramento, California.  I will then hear oral argument on Hilton's motion to dismiss, along with the other two motions to dismiss pending in this case, on June 3, 2020.

**IT IS SO ORDERED.**

Dated: May 18, 2020

William H. Orrick
United States District Judge