UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C.,<br><br>   Plaintiff,<br><br>  v.<br><br>CHOICE HOTELS INTERNATIONAL, INC., et al.,<br><br>   Defendants. | Case No. 20-cv-00155-WHO<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 21, 25, 43, 44, 45, 72 |

In this suit, plaintiff J.C. sues defendants Choice Hotels International, Inc. ("Choice"), Hilton Worldwide Holdings, Inc. ("Hilton") and Marriott International, Inc. ("Marriott") for claims arising from trafficking her at several hotels in California and Virginia. She brings claims under both the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, and the California Trafficking Victims Protection Act ("CTVPA"), Cal. Civ. Code § 52.5. *See* Second Amended Complaint ("SAC") [Dkt. No. 67].

It appears that the SAC would state a claim under the TVPRA against the local hotels where she was trafficked. But J.C. has sued the hotel chains associated with the local hotels, not the local hotels themselves. She contends that the hotel chains are both directly and indirectly liable, but her theories seem confused. As I understand it, she alleges that the hotel chains directly "participated" in a sex trafficking venture by providing room rentals to traffickers, and in turn "knowingly benefited" financially from it.[1] But she relies on an agency theory to prove the third

---

[1] I agree with the statutory construction analysis in *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 969 (S.D. Ohio 2019), where the court concluded that applying the "participation in a venture" definition from the criminal liability section of the TVPRA, section 1591(e)(4), to the civil liability section of the TVPRA, section 1595, would void the "should have known" language in the civil remedy. This violates the "cardinal principle of statutory construction that a statute ought, upon the whole, to be construed so that, if it can be prevented, no clause, sentence,

1    element of her TVPRA claim, that the local hotel staff "knew or should have known" J.C. was
2    being trafficked given the allegedly obvious signs, and that this actual or constructive knowledge
3    is imputed to the hotel chains.  An amended complaint that parses out her direct and indirect
4    liability theories and articulates factual allegations that support those theories would clarify J.C.'s
5    claims.

6    At the hearing, parties disputed whether indirect liability of the hotel chains is a question
7    of state law or federal common law.  Other courts with similar complaints seem to have assumed it
8    is a question of state law.  *See A.B. v. Marriott Int'l, Inc.*, No. CV 19-5770, 2020 WL 1939678, at
9    *18 (E.D. Pa. Apr. 22, 2020) (applying Pennsylvania agency law); *M.A. v. Wyndham Hotels &*
10   *Resorts, Inc.*, 425 F. Supp. 3d 959, 971 (S.D. Ohio 2019) (applying Ohio agency law).  But the
11   TVPRA is silent on the issue of indirect liability, which suggests that the federal common law of
12   agency should apply.  *See Meyer v. Holley*, 537 U.S. 280, 287-91 (2003).  J.C. has leave to amend
13   her complaint so that she may more clearly allege the necessary factual allegations under the
14   federal common law of agency.  (It is not obvious to me whether those allegations are somewhere
15   in the SAC; J.C. should organize her allegations to address the concerns in this Order.)  I
16   recognize that some relevant information may not be known without the benefit of discovery, but
17   that does not excuse J.C. from plausibly stating her claim.

18   Assuming that she is able to do so, the allegations in the SAC would establish personal
19   jurisdiction over Hilton for claims arising out of local hotels located in both California and
20   Virginia.  *See Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1181 (9th Cir. 2004)
21   (under the doctrine of pendent personal jurisdiction, "[w]hen a defendant must appear in a forum
22   to defend against one claim, it is often reasonable to compel that defendant to answer other claims
23   in the same suit arising out of a common nucleus of operative facts").  Hilton's argument that it is
24   simply a holding company is unpersuasive.  *See Team, Inc v. Hilton Worldwide Holdings, Inc.*,
25   No. CV155057WHWCLW, 2017 WL 2539395, at *4 (D.N.J. Jun. 12, 2017) (denying Hilton's

---

or word shall be superfluous, void, or insignificant." *Id.* (internal quotation marks and citation omitted).  J.C. is not required to allege an overt act in furtherance of a sex trafficking venture in order to sufficiently plead her section 1595 civil liability claim.  *Id.* at 968-69.

motion for summary judgment based on argument that it is not liable for acts of its franchisee hotel in New Jersey; finding allegations demonstrate that Hilton "retained a great deal of control over the day-to-day operations of the [franchisee hotel]," including control over personnel decisions, employee training and policies or procedures that gave rise to the incident at issue).

In addition, J.C. does not sufficiently allege the intent element under the CTVPA. The CTVPA allows victims to seek damages for violations of California Penal Code section 236.1, which in turn provides: "Any person who deprives or violates the personal liberty of another *with the intent* to . . . obtain forced labor or services, is guilty of human trafficking." Cal. Penal Code § 236.1(a). The CTVPA does not include negligent "should have known" language as in the TVPRA; cases interpreting the CTVPA have required plaintiffs to plausibly allege intent at the pleading stage.

For these reasons, defendants' motions to dismiss are GRANTED [Dkt. Nos. 43, 44, 45].[2] J.C. may amend her SAC within 28 days of this Order.

**IT IS SO ORDERED.**

Dated: June 5, 2020

William H. Orrick
United States District Judge

---

[2] Defendants' unopposed motions for leave to file untimely oppositions to J.C.'s motion for protective order are GRANTED. [Dkt. Nos. 21, 25, 72]. At the Case Management Conference following the hearing, the parties indicated that they have not finished their meet and confer sessions concerning a stipulated protective order that addresses both J.C.'s legitimate request for anonymity and defendants' necessary discovery needs. I will not make a ruling on the motion for protective order until the parties either reach agreement, file a joint dispute letter, or set a briefing schedule and hearing date for the motion.